IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DISABILITY RIGHTS TEXAS, | § § § § | |
| Plaintiff, | | |
| vs. | § § § | CIVIL ACTION NO. 5:19-cv-01496 |
| ALEEN DAVIS ARABIT, in her official capacity as the Chief Executive Officer of SAN ANTONIO BEHAVIORAL HEALTHCARE HOSPITAL, LLC, | § § § § § § § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Disability Rights Texas complains of Defendant Aleen Davis Arabit, in her official capacity as the Chief Executive Officer of San Antonio Behavioral Healthcare Hospital, LLC.

**I.   PRELIMINARY STATEMENT**

1.   Disability Rights Texas ("DRTx"), as Texas's designated Protection and Advocacy System, is entitled to have access to the facility and records of San Antonio Behavioral Healthcare Hospital, LLC ("SABH") for the purposes of providing information, training, and monitoring compliance with respect to the rights and safety of residents; and to investigate incidents of abuse or neglect of residents. As part of this access, DRTx explicitly has access to all records of persons with disabilities when certain conditions are met, specifically including copies of video surveillance.

2. DRTx has made repeated requests to Defendant to obtain records, specifically video tape records, in accordance with its federal mandates. The Defendant continues to deny DRTx full, complete, meaningful, and timely access to requested video tape records in violation of the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.* ("PAIMI"); the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15001, *et seq.* ("PADD"); and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a) ("PAIR"). These three laws are hereinafter collectively referred to as the "P&A Acts."

3. DRTx seeks declaratory and permanent injunctive relief to prevent the Defendant from continuing to thwart DRTx's statutory obligation to protect and advocate on behalf of individuals with disabilities and to investigate incidents of abuse or neglect pursuant to Fed. R. Civ. P. 57 & 65, 28 U.S.C. § 2201, 42 U.S.C. § 10805(a)(1), and 42 U.S.C. § 1983.

## II.   JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 to redress Defendant's violation of the P&A Acts, 42 U.S.C. § 10801, *et seq.*, 42 U.S.C. §§ 15001, *et seq.*, 29 U.S.C. § 794c(a), and 28 U.S.C. §§ 2201-02. This Court has authority to grant Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-02, and Fed. R. Civ. P. 57 & 65.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events or omissions complained of herein occurred in this district.

## III.   PARTIES

6. Plaintiff DRTx is a nonprofit Texas corporation mandated by Congress to protect and advocate for the civil rights of persons with disabilities. DRTx is designated by the State of

Texas to perform this Congressional mandate pursuant to the PADD Act, 42 U.S.C. §§ 15001-03; the PAIMI Act, 42 U.S.C. §§ 10802-03; and the PAIR Act, 29 U.S.C. 794(f)(2).

7. DRTx spends considerable time and resources monitoring; investigating conditions, abuse, and neglect; and advocating for the rights of people receiving services and/or residing at facilities providing mental health care and treatment, including entities providing services, supports, and other assistance to individuals with disabilities.

8. Defendant San Antonio Behavioral Healthcare Hospital, LLC ("SABH") is a for-profit company operating in the State of Texas and, specifically, in Bexar County, Texas. It is a locked behavioral health facility that provides acute psychiatric care and substance abuse treatment. SABH is located at 8550 Huebner Road, San Antonio, Texas 78240.

9. Defendant Aleen Davis Arabit is the Chief Executive Officer of San Antonio Behavioral Healthcare Hospital, LLC, and was at all times during the actions described by this suit. Defendant Arabit, by law and contract, is responsible for the implementation of the policies, procedures, practices, and customs at SABH, as well as ensuring that SABH complies with federal and state laws. Defendant is also responsible for the acts and omissions challenged by this suit. Defendant Aleen Davis Arabit may be served with process through SABH's registered agent for service of process, Northwest Registered Agent, LLC at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

10. Wherever Plaintiff uses the word "Defendant" in this petition it means Defendant, her agents, employees, successors, and all persons acting in concert with her at her direction.

### IV. FACTS

11. Because many persons with disabilities living in private and public institutions suffer from abuse and neglect and are often unlikely to report abuses committed by the people who

have daily control over their lives, Congress mandated that each state have a "Protection and Advocacy System" (P&A). Congress designed these P&As to have independent access to such institutions in order to detect, prevent, and investigate such abuse and neglect. Because the State of Texas receives federal funds under the P&A Acts, it is required to designate a system to protect and advocate for the rights of individuals with disabilities, including investigating incidents of abuse and neglect of individuals with disabilities. *See e.g.*, 42 U.S.C. § 10801, *et seq.*; 42 U.S.C. § 15001, *et seq.* The State of Texas has designated DRTx as its Protection and Advocacy System.

12. The P&A Acts require SABH, as a facility providing services to individuals with disabilities including mental illness, to allow DRTx to have reasonable unaccompanied access to facilities to: (1) monitor compliance with respect to the rights and safety of SABH residents; (2) provide information and training to SABH residents; and (3) investigate allegations of abuse and neglect of SABH residents, which includes interviewing residents and staff. *See* 42 U.S.C. § 10805(a)(3); 42 C.F.R. § 51.42(b)-(d); 42 U.S.C. § 15043(a)(2)(H); 45 C.F.R. § 1326.27(b)-(d). Reasonable unaccompanied access means access to areas used by and accessible to individuals with disabilities at reasonable times, which at a minimum includes normal working hours and visiting hours. 42 C.F.R. § 51.42(b)-(d); 45 C.F.R. § 1326.27(b)-(d).

13. The P&A Acts also allow DRTx to access records of programs serving people with disabilities including the confidential records of people with disabilities. *See* 42 U.S.C. §§ 10805(a)(4), 10806; 42 C.F.R. § 51.41(a)-(c); 42 U.S.C. § 15043(a)(2)(I)-(J), (c); 45 C.F.R. § 1326.25(b). This access specifically includes but is not limited to video tape records "obtained in the course of providing intake, assessment, evaluation, supportive and other services…"; "records…prepared or maintained by the facility in connection with…reports [of abuse, neglect, or injury occurring at the facility];" and "[s]upporting information that was relied upon…including

all information and records used or reviewed in preparing reports of abuse, neglect, or injury…" 42 C.F.R. § 51.41(c)(1)-(2).

14. Despite Plaintiff DRTx's statutory right to access SABH resident records, the Defendant continues to deny DRTx full, complete, meaningful, and timely access to requested video tape records. Without such access, DRTx is not able to perform its Congressionally-mandated Protection and Advocacy role.

15. On or around August 2019, DRTx received a complaint regarding an allegation of abuse of an individual receiving services at SABH.

16. On September 19, 2019, DRTx provided a written request to Defendant, via facsimile to Defendant's Health Information Management (HIM) Director, for records and video tape records regarding the allegation of abuse. DRTx requested that Defendant provide the records within three days of receipt of the request. DRTx specifically requested a physical copy of the video surveillance record for several reasons;  the case was assigned for investigation to an advocate located in the Dallas DRTx office and her traveling to San Antonio to view video is an undue burden, and based on DRTx staff's many years of experience investigating incidents of abuse and neglect, review of all evidence, including video tape evidence is reviewed several times during the course of an investigation as additional information is discovered. One-time viewing of video is therefore not meaningful access to ensure DRTx satisfies its congressionally-mandated duty to investigate abuse and neglect.

17. DRTx followed up repeatedly by telephone on September 23, October 3, October 7, and October 14, 2019 to verify receipt of the records request by the HIM Director. DRTx was unable to reach the HIM Director on any of these dates.

18.     Then, on October 14, 2019, DRTx contacted Defendant's Director of Business Development by email regarding the September 19, 2019 records request. The Director of Business Development provided an alternate contact for the records request.

19.     On October 15, 2019, DRTx re-submitted the records request to the alternate records contact, the Assistant Director of HIM. DRTx received copies of the requested documentary records on October 15, 2019, but did not receive a copy of the requested video surveillance.

20.     On October 16, 2019, DRTx received a call from Defendant's Risk Manager. During this call DRTx was informed that a copy of the video surveillance would not be sent to DRTx, but that DRTx could arrange to pick up a copy or view the video surveillance at SABH.

21.     In response, DRTx provided Defendant Risk Manager with a USB drive for a copy of the video surveillance to be provided to DRTx. However, on October 29, 2019, DRTx was informed by telephone that Defendant's attorneys would not allow Defendant to provide a copy of the video surveillance to DRTx.

22.     On October 30, 2019, DRTx followed up by email with Defendant's attorney. Defendant's attorneys indicated that they would not provide a copy of the video surveillance to DRTx due to concerns over patients' Private Health Information (PHI). In response, DRTx provided Defendant with case law finding that the Health Insurance Portability and Accountability Act of 1996 (HIPAA) does not bar providers from disclosing PHI to P&As. In addition, DRTx explained why the facility's offer to allow DRTx staff to review the video at the facility was not full, complete, and meaningful access. Again, DRTx requested to be provided with a copy of the video surveillance. Defendant's attorneys did not respond to the email.

23. On November 13, 2019, DRTx again asked for a response to its email and to be provided with a copy of the video surveillance. To date, the Defendant has not provided the video surveillance responsive to DRTx's request.

24. Despite Plaintiff DRTx's statutory right to obtain video tape records, Defendant is barring DRTx from obtaining a copy of the requested video tape record. Without such access, DRTx is not able to perform its Congressionally-mandated Protection and Advocacy role.

25. Under the above-described circumstances, Defendant has acted in her official capacity to create and maintain a system that impedes the Congressionally-mandated functions and duties of DRTx at SABH. While Plaintiff DRTx has no obligation to exhaust administrative or other remedies in this case, it has spent considerable time giving Defendant reasonable opportunity to learn of DRTx's role and authority and to allow DRTx the full, complete, meaningful, and timely access to SABH video tape records that it is afforded by federal law. Unfortunately, Defendant has continued to deny DRTx the access to which it is entitled.

## V. CAUSE OF ACTION – VIOLATION OF THE P&A ACTS

26. DRTx restates and incorporates by reference each of the allegations contained in Paragraphs 1 through 25 above.

27. DRTx, as Texas's designated P&A System, has the authority to access records, including video tape records, of programs serving people with disabilities and the confidential records of people with disabilities. *See* 42 U.S.C. §§ 10805(a)(4)- 10806; 42 C.F.R. § 51.41(a)-(c); 42 U.S.C. § 15043(a)(2)(I)-(J), (c); 45 C.F.R. § 1326.25(b).

28. Defendant's failure to permit DRTx full, complete, meaningful, and timely access to SABH video tape records violates the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.*; the Developmental Disabilities Assistance and Bill of Rights

Act, 42 U.S.C. § § 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a).

29. DRTx has no adequate remedy at law and will be irreparably harmed if the Defendant is permitted to continue to deny it access to SABH resident records.

## VI. INJUNCTIVE RELIEF

30. DRTx restates and incorporates by reference each of the allegations contained in Paragraphs 1 through 29 above.

31. The policies, procedures, regulations, practices, and customs of Defendant violated and continue to violate the rights of DRTx under the P&A Acts to full, complete, meaningful, and timely access to SABH video tape records. These policies, procedures, regulations, and practices will continue to violate DRTx's right to access to SABH video tape records in the future unless Defendant is permanently enjoined.

32. Plaintiff DRTx requests that the Court enter a permanent injunction enjoining Defendant from continuing to deny full, complete, meaningful, and timely access by Plaintiff DRTx to SABH video tape records.

## VII. DECLARATORY RELIEF

33. Plaintiff DRTx restates and incorporate by reference herein each of the allegations contained in Paragraphs 1 through 32 above.

34. Plaintiff DRTx requests that, after notice and hearing, this Court enter a declaratory judgment that Defendant's policies, procedures, regulations, and practices of continuing to deny DRTx full, complete, meaningful, and timely access to requested records, violated and continues to violate the P&A Acts.

## PRAYER

WHEREFORE, Plaintiff Disability Rights Texas respectfully prays that this Court:

(a) Grant permanent injunctive relief that enjoins Defendant, her agents, and employees from denying DRTx access to SABH video tape records;

(b) Issue a declaratory judgment that Defendant's policies, procedures, regulations, and practices of denying DRTx access to SABH video tape records violates the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.;* the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§ 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a);

(c) Award such other and further relief, at law or equity, to which Plaintiff DRTx is justly entitled.

Respectfully submitted,

/s/ Ashley Barr

ASHLEY BARR
State Bar No. 24078198
DISABILITY RIGHTS TEXAS
6800 Park Ten Blvd., Suite 208-N
San Antonio, TX 78213
(210) 424-9645 (Phone)
(210) 737-2403 (Fax)
abarr@drtx.org

BETH MITCHELL
State Bar No. 00784613
Federal ID No. 29054
LISA SNEAD
State Bar No. 24062204
DISABILITY RIGHTS TEXAS
2222 W. Braker Lane
Austin, Texas 78758
(512) 454-4816 (Phone)
(512) 454-3999 (Fax)
bmitchell@drtx.org

ATTORNEYS FOR PLAINTIFF