UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DISABILITY RIGHTS TEXAS,<br>　　*Plaintiff*,<br><br>*v.*<br><br>ALEEN DAVIS ARABIT, in her official<br>capacity as the Chief Executive Officer of<br>SAN ANTONIO BEHAVIORAL<br>HEALTHCARE HOSPITAL, LLC,<br>　　*Defendant.* | §<br>§<br>§<br>§<br>§   Civil Action No. 5:19-cv-01496-OLG<br>§<br>§<br>§<br>§<br>§ |

## ORDER AND FINAL JUDGMENT

On this day, the Court considered Plaintiff Disability Rights Texas's ("Plaintiff") Motion for Default Judgment against Defendant Aleen Davis Arabit, in her official capacity as the Chief Executive Officer of the San Antonio Behavioral Healthcare Hospital, LLC, ("Defendant") (docket no. 6). Having reviewed the Motion and the record, the Court finds that it should be GRANTED.

Plaintiff is a nonprofit designated by the State of Texas to perform the congressional mandate of protecting and advocating for the civil rights of persons with disabilities, pursuant to the PADD Act, 42 U.S.C. §§ 15001-03; the PAIMI Act, 42 U.S.C. §§ 10802-03; and the PAIR Act, 29 U.S.C. 794e(f)(2). *See* docket no. 1 at ¶ 6. Plaintiff initiated this lawsuit against Defendant on December 30, 2019. *See* docket no. 1. Specifically, Plaintiff alleged that it received a complaint regarding an allegation of abuse of an individual receiving services at Defendant's facility. *Id.* at ¶ 15. Shortly thereafter, Plaintiff alleges that it contacted Defendant's facility seeking to access records and video tape recordings regarding the allegation. *Id.* at ¶ 16. Over the course of three months, Defendant repeatedly refused to grant Plaintiff access to these records. *Id.* at ¶¶ 17-25. As a result, Plaintiff filed this lawsuit, alleging that Defendant's refusal to permit

1

access to the records violates the P&A Acts (42 U.S.C. § 10801 *et seq.*; 42 U.S.C. § 15001 *et seq.*; and 29 U.S.C. § 794e(a)). *See* docket no. 1 at ¶¶ 27-28. Plaintiff seeks to enjoin Defendant from continuing to deny full, complete, meaningful, and timely access by Plaintiff to the requested video tape records. *Id.* at ¶¶ 30-32. Additionally, Plaintiff seeks a declaratory judgment that Defendant's policies and practices of denying Plaintiff access to these records violated and continues to violate the P&A Acts. *Id.* at ¶¶ 33-34.

After Plaintiff filed its complaint on December 30, 2019, the summons and complaint were issued on January 2, 2020. Docket no. 3. Plaintiff served Defendant with a copy of the complaint on January 6, 2020, as shown by the proof of service filed on January 13, 2020. Docket nos. 3 & 4. Despite this service, Defendant has failed to appear, plead, or otherwise defend this case. As a result, Plaintiff moved for an entry of default, which the clerk entered. Docket nos. 5 and 7. Plaintiff then filed this Motion seeking a default judgment.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the entry of default, the court may enter a default judgment against the defaulting defendant upon motion by the plaintiff. Fed. R. Civ. P. 55(b); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). In determining whether to enter a default judgment, courts must determine whether the well-pleaded factual allegations, accepted as true, state a claim upon which relief can be granted. *See United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Indeed, a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212

(5th Cir. 1996)). Indeed, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206.

Having reviewed the Motion, the complaint, and the affidavits, the Court finds that the Motion should be GRANTED, and that judgment should be entered in Plaintiff's favor.

The Court therefore finds that Plaintiff is entitled to permanent injunctive relief enjoining Defendant, her agents, and employees from denying Plaintiff copies of the video tape records originally requested on September 19, 2019 and all video tape records requested in the future. The Court further finds declaratory relief that Defendant's policies, procedures, regulations, and practices of denying Plaintiff copies of the video tape records violates the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. §§ 10801, *et seq.*; the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§ 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a). The Court further finds that Plaintiff is entitled to judgment by default in the amount of $2,840.00 for costs of this action and attorneys' fees.[1]

## ORDER AND JUDGMENT

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (docket no. 6) is **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that a permanent injunction be entered enjoining Defendant, her agents, and employees from denying Plaintiff Disability Rights Texas copies of Defendant's video tape records originally requested on September 19, 2019 and all video tape records requested in the future;

---

[1] The Court finds that Plaintiff is entitled to recover $2,840.00 in attorneys' fees and costs, as evidenced by Plaintiff's counsel's affidavit. *See* docket no. 6-2 at ¶ 12; *see also Advocacy Inc. v. Tarrant County Hosp. Dist.*, 2001 WL 1297688, at *6 (N.D. Tex. Oct. 11, 2001).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that a declaratory judgment be entered in favor of Plaintiff that Defendant's policies, procedures, regulations, and practices of denying Plaintiff Disability Rights Texas copies of SABH video tape records violates the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.*; the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§ 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that judgment by default in the amount of $2,840.00 for costs of this action and attorneys' fees be entered in favor of Plaintiff.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** this   22nd   day of April, 2020.

_____
ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE